INSTITUTIONAL CANTEEN FUNDS — INTEREST
No separately identifiable interest is earned and received on those revenues produced by canteens established and maintained pursuant to 43A O.S. 101 [43A-101] (1971), thereby precluding such funds from being credited for interest. The Attorney General has considered your request for an opinion wherein you ask the following question: "Under the provisions of 43A O.S. 101 [43A-101] (1971), is the canteen fund created pursuant to said statute entitled to receive all interest earned on the funds of said fund?" Title 43A O.S. 101 [43A-101] (1971) provides as follows: "There shall be established and maintained at each of the institutions within the department a canteen which shall be incorporated and self-supporting. The directors of each canteen shall be superintendent, the business manager and the chaplain of the institution. All profits from each institution canteen shall be used exclusively for the benefit of the patients of the institution." The procedures for handling the revenues produced by such institutional canteens are set out at 62 O.S. 7.1 [62-7.1] and 62 O.S. 7.2 [62-7.2] (1975). The material provisions of Section 7.1 are as follows: "B. It shall be the duty of each state agency, officer or employee, to deposit daily in the agency clearing account, or agency special account, established under . . . Section 7.2 of this Title, all monies of every kind . . ." The material provisions of Section 7.2 are as follows: "The Director of State Finance, the State Treasurer and the Director of Fiscal Services of the State Legislative Council shall constitute a Special Agency Account Board with authority to approve the establishment of agency special accounts in the official depository of the State Treasury. . . ." * * * "C. The Board may approve agency special accounts for monies received by state agencies for the following purposes: "2. Revenues produced by activities or facilities ancillary to the operation of a state agency, which receives no monies, directly or indirectly, from or through that state agency, including, but not limited to, revenues from the sales of food at retail level, sales at canteens, . . ." "D. The State Treasurer is authorized to accept deposit of monies directly to agency special accounts approved by the Board. All monies received by a state agency, as described in Section 7.1 of Title 62 Oklahoma Statutes, shall be deposited in State Treasury funds or accounts . . . "F. Monies deposited in agency special accounts shall be disbursed on vouchers issued by the state agency concerned to accomplish the purpose for which the monies were intended." (Emphasis added) By the provisions of the foregoing statute, the revenues produced by each respective institution canteen must be deposited daily in an agency special account created in the official depository in the State Treasury. The State Treasurer receives such deposit directly to the agency special account. The monies deposited in agency special accounts are disbursed on vouchers issued by the agency concerned to accomplish the purpose for which the monies were intended. Accordingly, all or any part of a canteen fund special account may be withdrawn at any time for either the operating expenses of the canteen, or for the benefit of the patients of the particular institution. Examples of provisions providing for crediting interest earned and received to the fund which earned the same are 62 O.S. 82 [62-82] (1971), regarding the Commissioner of Highways, and 29 O.S. 3-302 [29-3-302] (1975), regarding the Wildlife Conservation Fund. There is no statutory authority for the State Treasurer to credit to an agency special account any interest earned and received on the monies paid into each particular account, and more particularly, for crediting to the respective canteen fund of each institution of the Department of Mental Health, any interest earned and received thereon. Title 62 O.S. 89.2 [62-89.2] (1975) directs the State Treasurer "to invest the maximum amount of funds under his control consistent with what in his judgment constitutes good business practices." Said section further mandates that eighty percent (80%) or more of the average daily balance of the money under his control be invested in a manner set out by statute. There is no provision for retention of the identity of the funds to be invested by their respective source. Loss of the identity of the various funds according to their source makes it impractical to properly credit to each separate fund the interest earned thereon. A close reading of Sections 62 O.S. 7.1 [62-7.1] and 62 O.S. 7.2 [62-7.2] of Title 62, Oklahoma Statutes Supplement, 1975, indicates that the monies described in the respective sections possess different characteristics regarding their source and how they are handled after deposit with the State Treasurer. The monies described in Section 7.1 are deposited in agency clearing accounts, and are transferred monthly according to statutory provisions. Disbursements therefrom are expressly prohibited except in refunding of erroneous excessive collections and credits. Those monies described in Section 7.2 are generally received by the respective agencies as custodians or escrow agents of such funds which are to be utilized for special purposes, and are disbursed on vouchers issued by the appropriate state agency. The distinction between the monies described in Section 7.1 and 7.2, respectively, is made more apparent by the different treatment of the monies by subsection D of Section 7.2, which provides that such monies be deposited in State Treasury funds, and directly to agency special accounts, respectively. This facilitates the provision that the monies described in Section 7.2 shall be disbursed on vouchers, and, therefore, must be kept readily available. Keeping such funds continuously available to the concerned agency makes such agency's special accounts similar in nature to demand deposits. Pursuant to the provisions of 62 O.S. 87 [62-87] (1971), the State Treasurer is not required to collect interest on such funds while on deposit. The material part of 62 O.S. 87 [62-87] (1971), states as follows: ". . . The State Treasurer . . . shall not be required to collect interest on any public fund deposited in any bank . . . if said deposit is payable on demand. . . ." The implicit statutory requirement that the fund in an agency special account be disbursed upon demand of the concerned agency as a practical matter precludes such fund from earning interest identifiable thereto. Accordingly, there is no interest to credit to an agency special account. This conclusion is supported by Attorney General Opinion No. 65-395 to the Director of the Department of Wildlife Conservation. Based on Article XXVI, Section 4 of the Oklahoma Constitution, directing that certain funds be used for specified purposes only, the question was asked whether the department was entitled to the interest earned on said funds deposited with the State Treasurer. The opinion of the Attorney General was that because the said funds deposited with the State Treasurer were treated as "payable on demand," and because there was no authority for the State Treasurer to segregate and invest said funds, the department was not entitled to receive interest earned thereon. It is, therefore, the opinion of the Attorney General that no separately identifiable interest is earned and received on those revenues produced by canteens established and maintained pursuant to 43A O.S. 101 [43A-101] (1971), thereby precluding such funds from being credited for interest. (Harold B. McMillan Jr.)